UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPIRA, INC., THOMAS E. WERNER, CHRISTOPHER B. BEGLEY, F. MICHAEL BALL, and JAMES H. HARDY, JR.,<br><br>Defendants. | Case No.: 1:11−cv−08332<br><br>Honorable Amy J. St. Eve |

**INITIAL JOINT STATUS REPORT AND [PROPOSED] 26(f) DISCOVERY PLAN**

Lead Plaintiffs the Sheet Metal Workers' National Pension Fund, KBC Asset Management NV, the Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, and the Roofers Local No. 149 Pension Fund (collectively, "Plaintiffs") and Defendants Hospira, Inc. ("Hospira" or the "Company"), F. Michael Ball, Thomas E. Werner, James H. Hardy, Jr., and Christopher B. Begley (collectively, "Defendants") (collectively, the "Parties"), through their respective counsel, jointly submit this Initial Status Report and Proposed Federal Rule of Civil Procedure 26(f) Discovery Plan in anticipation of the status conference scheduled for March 11, 2013, at 8:30 a.m.

**I.      RULE 26(f) STATUS CONFERENCE**

Counsel for the Parties held a Rule 26(f) conference on March 5, 2013. Participating in the preliminary Rule 26(f) conference on behalf of Lead Plaintiffs and the putative Class were James Barz and Jack Reise of Robbins Geller Rudman & Dowd LLP and James Hughes of

Motley Rice LLC. Participating on behalf of Defendants was Joshua Rabinovitz of Kirkland & Ellis LLP. The Parties were able to reach agreement on all aspects of this Discovery Plan with the exception of the date for the close of fact discovery. Since all of the subsequent deadlines are triggered from the close of fact discovery, the Parties have attached as Exhibit A a chart listing the specific dates proposed by each party.

## II. DISCOVERY PLAN

### A. Initial Disclosures

The Parties shall make their initial disclosures pursuant to Rule 26(a)(1) on or before April 1, 2013, per the Court's February 13, 2013 order (Docket #102).

### B. Confidentiality And Protective Order

The Parties intend to be bound by the terms of a Stipulation and Order Governing the Production and Exchange of Confidential Material ("Protective Order"), based on the Northern District of Illinois Confidentiality Order Local Rule Form 26.2, to be filed by the Parties with the Court for approval no later than thirty (30) calendar days after issuance of a pretrial scheduling order.

### C. Subjects On Which Discovery May Be Needed

Without waiving any of their rights to take discovery on other relevant issues, the Parties have identified, pursuant to Rule 26(f)(3)(B), the following subjects on which discovery may be needed:

#### 1. Plaintiffs' Statement on Their Intended Discovery:

Plaintiffs will seek discovery regarding Defendants' false and misleading statements, their knowledge or reckless disregard thereof, the materiality of those statements, damages, and issues relevant to class certification. Plaintiffs will also seek discovery regarding any affirmative or other defenses raised by Defendants. Specific examples include:

(a)     The circumstances surrounding Hospira's deteriorating operating conditions, quality and equipment failures, rejected products, production delays, re-inspection delays, and similar operational deficiencies at the Company's manufacturing facilities, including the facility located in Rocky Mount, North Carolina;

(b)     The processes and procedures put in place at Hospira pursuant to the Company's two-year optimization initiative known as "Project Fuel," and their effects on the Company's operations, quality control, cost-cutting, and regulatory compliance and remediation;

(c)     Hospira's compliance, or failure to comply, with federal regulations, including regulations implemented under the Federal Food, Drug, and Cosmetic Act;

(d)     Hospira's communications and interactions with federal regulators, including the U.S. Food and Drug Administration ("FDA"), concerning Hospira's compliance, or failure to comply, with federal regulations;

(e)     The FDA's regulatory actions towards Hospira, including but not limited to the issuance to the Company of the August 12, 2009 Warning Letter; the April 12, 2010 Warning Letter; the June 17, 2011 Form 483; and the August 4, 2011 Form 483; and Hospira's responses to those regulatory actions;

(f)     The extent to which Hospira's facilities and equipment were, or were not, in "good operating condition" and "well-maintained;"

(g)     The extent to which Hospira's regulatory compliance issues were "systemic issues" of the Company;

(h)     The extent to which Hospira was, or was not, "working across our operations to make sure that we meet the highest level of compliance and quality for both pharmaceutical and device products";

(i)     The extent to which Hospira was remediating its regulatory compliance issues during the Class Period, the estimated costs of such remediation efforts, and Defendants' knowledge of those efforts and costs;

(j)     Defendants' public statements to investors and analysts concerning Hospira's operating conditions, quality controls, cost-cutting initiatives, regulatory compliance, remediation efforts, and related topics;

3

(k) The knowledge, state of mind, or scienter of high-ranking executives at Hospira during the Class Period;

(l) Defendants Begley's and Werner's sales of Hospira common stock during the Class Period; and

(m) Issues involving the appropriateness for treating this action as a class action under Federal Rule of Civil Procedure Rule 23.

**2. Defendants' Statement on Their Intended Discovery:**

Defendants anticipate discovery in support of their position that they did not issue materially false or misleading statements with scienter. Defendants also anticipate discovery into Plaintiffs' purported damages and as to whether this case is appropriate for treatment as a class action. Defendants may pursue discovery into other aspects of the elements of Plaintiffs' claims, as well as Defendants' affirmative defenses.

**D. Document Discovery And Deadlines**

The Parties shall serve their initial written discovery by April 23, 2013. The Parties shall complete their production of documents in response to the initial document requests by August 1, 2013. Any additional requests for production shall be issued by September 16, 2013. The Parties shall complete their productions in response to any additional requests for production by November 1, 2013.

**E. Electronic Discovery**

The Parties agree to work together to resolve any issues relating to the preservation and production of electronically stored information ("ESI"), including the sources to be searched for ESI, search terms, and the format and costs of ESI production. The Parties will attempt to agree on steps necessary to: (a) preserve ESI and hard copy documents; (b) facilitate discovery of ESI and hard copy documents; (c) determine in which format ESI shall be produced; and (d) limit associated discovery costs and delay.

F.   **Fact Depositions And Discovery Deadlines**

Pursuant to Rule 26(f)(3)(E), the Parties agree that each side may take no more than 30 depositions. This limitation includes depositions pursuant to Rule 30(b)(6).

Despite the limitations on depositions to which the Parties have agreed, either party may request that the Court enlarge the number of depositions taken from the other party based on a showing of the need for such deposition as required by Rule 30(a), and the Parties shall meet and confer in good faith to discuss any such request.

Plaintiffs propose that fact depositions and fact discovery shall be completed no later than four (4) months after document production is complete, which would be February 28, 2014. Defendants propose that fact depositions and fact discovery shall be completed no later than four (4) months after the completion of the production of documents responsive to the initial requests for production, which would be December 1, 2013.

G.   **Expert Discovery And Deadlines**

Plaintiffs shall identify experts and serve their experts' reports thirty (30) days after fact discovery ends. Defendants shall identify experts and serve their experts' reports forty-five (45) days after Plaintiffs'. Plaintiffs shall submit any rebuttal expert report thirty (30) days after Defendants'. Expert discovery shall be completed sixty (60) days after the deadline for the submission of rebuttal expert reports.

III.   **OTHER SCHEDULING MATTERS**

A.   **Responsive Pleadings**

Defendants shall file their Answers to the Amended Consolidated Class Action Complaint by April 15, 2013, per the Court's February 13, 2013 order (Docket #102).

**B.     Joinder Of Other Parties And Pleading Amendments**

The Parties agree that the deadline for joinder of parties and amendment to pleadings pursuant to Rule 15(a) shall be 60 days before the close of fact discovery, except those amendments sought pursuant to Rule 15(b).

**C.     Class Certification**

Plaintiffs' motion to certify this action as a class action under Rule 23 shall be filed on or before June 28, 2013, unless, upon a showing of good cause, the Court extends the filing to a later date. Plaintiffs shall make their witnesses available for deposition no later than August 16, 2013, unless the Parties agree otherwise. Defendants shall file their opposition thereto by September 16, 2013, and Plaintiffs shall file their reply brief by November 15, 2013.

**D.     Dispositive Motions**

The Parties agree that all dispositive motions shall be filed no later than five (5) months after fact discovery ends. Subject to modification by the Parties, with Court approval, oppositions to any dispositive motion shall be filed within thirty (30) days of such a motion, and, if necessary and permitted, reply briefs shall be filed thirty (30) days after that.

**E.     Trial Schedule**

The Parties believe that a trial date should be set for two (2) months after the reply to the motion for summary judgment is filed, or as soon thereafter as it is convenient for the Court. The Parties agree that at this time it is premature to predict the length of trial, or to set a date for the final pretrial order, and final pretrial conference. The Parties further agree to meet and confer regarding any of these unscheduled matters on or before the close of fact discovery.

**F.     Settlement**

Pursuant to Rule 26(f), the Parties will keep the Court informed as necessary of any developments concerning settlement.

| | |
|---|---|
| Dated: March 5, 2013 | Respectfully submitted, |
| */s/ James E. Barz* | */s/ Joshua Z. Rabinovitz* |
| James E. Barz (IL Bar # 6255605)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>200 South Wacker Drive, 31st Floor<br>Chicago, IL 60606<br>Telephone: 312/674-4674<br>312/674-4676 (fax)<br>jbarz@rgrdlaw.com | Mark Filip<br>Robert J. Kopecky<br>Joshua Z. Rabinovitz<br>KIRKLAND & ELLIS LLP<br>300 N. LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: 312/862-2000<br><br>**Counsel for Defendants** |
| Jack Reise (*pro hac vice*)<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432<br>Telephone: 561/750-3000<br>561/750-3364 (fax)<br>jreise@rgrdlaw.com | |
| Ann K. Ritter<br>James M. Hughes<br>Vincent I. Parrett<br>William S. Norton<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Telephone: 843/216-9000<br>843/216-9450 (fax)<br>aritter@motleyrice.com<br>jhughes@motleyrice.com<br>vparrett@motleyrice.com<br>bnorton@motleyrice.com<br><br>**Lead Counsel for Plaintiffs** | |

**CERTIFICATE OF SERVICE**

   I, James E. Barz, one of the Plaintiffs' attorneys, hereby certify that on March 5, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties listed on the electronic service list.

                      _____James E. Barz_____

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Edmund S Aronowitz**
  earonowitz@gelaw.com
- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Katharine Crane Byrne**
  kbyrne@cooneyconway.com
- **Patrick Vincent Dahlstrom**
  pdahlstrom@pomlaw.com,mjsteven@pomlaw.com
- **Kara Anne Elgersma**
  kae@wexlerwallace.com
- **Mark Robert Filip**
  mark.filip@kirkland.com
- **Michael Jerry Freed**
  mfreed@fklmlaw.com,mkhamoo@fklmlaw.com
- **Lester Hooker**
  lhooker@saxenawhite.com
- **James Hughes**
  jhughes@motleyrice.com,kweil@pacernotice.com,erichards@motleyrice.com,kweil@motleyrice.com
- **Steven A Kanner**
  skanner@fklmlaw.com
- **Robert J. Kopecky**
  rkopecky@kirkland.com
- **Adam J. Levitt**
  alevitt@gelaw.com,skim@gelaw.com,jtangren@gelaw.com,earonowitz@gelaw.com,ajlevitt@yahoo.com
- **Danielle S. Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Brian O O'Mara**
  briano@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Vincent I. Parrett**
  vparrett@motleyrice.com,kweil@pacernotice.com,kweil@motleyrice.com,jhughes@motleyrice.com
- **Joshua Z Rabinovitz**
  jrabinovitz@kirkland.com,kristine.bompadre@kirkland.com
- **Jack Reise**
  jreise@rgrdlaw.com,e_file_fl@rgrdlaw.com
- **Donald Lewis Sawyer**
  dsawyer@fklmlaw.com,mkhamoo@fklmlaw.com
- **Joshua B. Silverman**
  jbsilverman@pomlaw.com
- **Leigh Handelman Smoller**
  lsmollar@pomlaw.com
- **Edward Anthony Wallace**
  eaw@wexlerwallace.com,ecf@wexlerwallace.com
- **Kenneth A. Wexler**
  kaw@wexlerwallace.com,ecf@wexlerwallace.com
- **Joseph E. White , III**
  jwhite@saxenawhite.com,e-file@saxenawhite.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

(No manual recipients)