UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:11-cv-08332-AJS **(Consolidated)** CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| HOSPIRA, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

SETTLEMENT AGREEMENT

This Settlement Agreement, dated March 27, 2014 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiffs the Sheet Metal Workers' National Pension Fund, KBC Asset Management NV, the Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, and the Roofers Local No. 149 Pension Fund ("Lead Plaintiffs"), on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Defendants Hospira, Inc. ("Hospira" or the "Company"), F. Michael Ball, Thomas E. Werner, and Christopher B. Begley (collectively, "Defendants") on the other hand, by and through their counsel of record in the above-captioned consolidated litigation pending in the United States District Court for the Northern District of Illinois (the "Action"). This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.  THE LITIGATION

This case is currently pending before the Honorable Amy J. St. Eve in the United States District Court for the Northern District of Illinois (the "Court") and was brought on behalf of the Class (to be certified for settlement purposes) of all Persons who purchased or otherwise acquired the publicly traded common stock of Hospira during the period from February 4, 2010 through and including October 17, 2011 (the "Class Period"). The initial complaint was filed on November 21, 2011, and on April 18, 2012, the Court appointed Lead Plaintiffs and the firms Robbins Geller Rudman & Dowd LLP and Motley Rice LLC as Lead Counsel. On June 25, 2012, Lead Plaintiffs filed the Amended Consolidated Class Action Complaint ("Consolidated Complaint"), which alleged

- 1 -

that during the Class Period, Defendants engaged in a fraudulent scheme to artificially inflate the Company's stock price by concealing significant deteriorating conditions, manufacturing and quality control deficiencies at its largest manufacturing facility located in Rocky Mount, North Carolina, and the costly effects of these deficiencies on production capacity. Lead Plaintiffs also alleged that Defendants misrepresented the effectiveness of an "optimization" initiative which was actually a cost-cutting initiative that reduced quality control efforts and delayed and increased the cost of necessary remediation at Rocky Mount. Lead Plaintiffs allege that Defendants' allegedly materially false and misleading statements artificially inflated Hospira's stock price and when the truth was eventually disclosed, resulted in substantial damages to the Class.

From the outset of the litigation, Defendants have denied all of these allegations and consistently maintained that they never made any statement to the market that was false or misleading, nor did they ever direct anyone to make public statements that were false and misleading. Defendants contend that Hospira's public statements were truthful, accurate and not misleading. As a result, Defendants contend that Lead Plaintiffs could not prove any element of securities fraud.

On August 27, 2012, Defendants filed their motion to dismiss the Action, alleging that Lead Plaintiffs' Consolidated Complaint failed to state a claim for relief. Lead Plaintiffs filed their opposition and a motion to strike on October 12, 2012, and Defendants filed their reply and opposition to the motion to strike on November 13, 2012. On February 13, 2013, the Court entered an order granting Lead Plaintiffs' motion to strike, and granting in part, and denying in part, Defendants' motion to dismiss. On April 15, 2013, Lead Plaintiffs filed the Third Amended Consolidated Class Action Complaint (the "Complaint"), which conformed to the Court's February 13, 2013 Order on the motion to dismiss. Defendants filed their answer to the Complaint on May 13, 2013, and on August 12, 2013, Lead Plaintiffs filed their motion for class certification.

During the litigation, the Settling Parties participated in a full-day mediation session with a well-respected mediator, the Hon. Layn R. Phillips (Ret.), who has extensive experience mediating complex class action litigations such as this Action. The parties ultimately agreed to settle the Action based upon a Mediator's Proposal issued by Judge Phillips.

## II.      CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. But Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with Lead Plaintiffs' motion for class certification, Defendants' anticipated summary judgment motion, and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury. Lead Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Action. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## III.     DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants deny that they have violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law. Defendants deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also deny, *inter*

- 3 -

*alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that any member of the Class has suffered any damages; that the price of Hospira common stock was artificially inflated; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

As set forth in ¶¶9.2-9.3 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation, as follows:

### 1. Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased or otherwise acquired Hospira publicly traded common stock during the period from February 4, 2010 through and including October 17,

2011.  Excluded from the Class are Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

1.4     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5     "Class Period" means the period from February 4, 2010 through and including October 17, 2011.

1.6     "Defendants" means Hospira, F. Michael Ball, Thomas E. Werner, and Christopher B. Begley.

1.7     "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8     "Escrow Account" means the account controlled by the Escrow Agent.

1.9     "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this

927114_1

Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

1.11 "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.12 "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Motley Rice LLC.

1.13 "Lead Plaintiffs" means the Sheet Metal Workers' National Pension Fund, KBC Asset Management NV, the Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, and the Roofers Local No. 149 Pension Fund.

1.14 "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court, after provision for the amounts set forth in ¶6.4 of this Stipulation.

1.15 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.16 "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

1.17 "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Distribution.

1.18   "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

1.19   "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined in ¶1.23 hereof), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with both a Class Member's purchase(s), acquisition(s), or sale(s) of Hospira common stock during the Class Period and from the acts, facts, transactions, events,

occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action. For the avoidance of doubt, Released Claims does not include any derivative claims brought on behalf of Hospira against any of its directors or officers, or any claims alleging violation of the Employee Retirement Income Security Act ("ERISA"), that are related to the claims asserted in the Action.

1.20    "Released Persons" means each and all of Defendants and each and all of their Related Persons.

1.21    "Settlement Fund" means Sixty Million Dollars ($60,000,000.00) in cash paid by or behalf of Defendants pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.22    "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

1.23    "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release,**

**which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

    **2.**      **[Intentionally omitted]**

    **3.**      **The Settlement**

        **a.**      **The Settlement Fund**

3.1     Defendants shall cause Sixty Million Dollars ($60,000,000.00) to be transferred to an account controlled by the Escrow Agent within thirty (30) business days after the later of (a) the

927114_1

entry of the order granting the motion for preliminary approval or (b) the receipt by Defendants' counsel of wire/check payee instructions and a Form W-9 providing the tax identification number for the Escrow Account. These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

### b. The Escrow Agent

3.2 The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund. The Escrow Agent hereby accepts all fiduciary and other obligations of an escrow agent, including but not limited to the duty to safeguard the funds held in escrow and the duty to release any funds in a manner consistent with this Settlement Agreement and as approved by the Court.

3.3 The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4 Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent agrees to indemnify Defendants and their insurance carriers for any claims by Class Members regarding the selection of Robbins Geller

- 10 -

Rudman & Dowd LLP as the Escrow Agent, the Escrow Agent's performance of its duties, or the distribution of the Settlement Fund.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $500,000.00 in notice and administration costs associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Class Notice and Administration Costs").   Prior to the Effective Date, payment of any Class Notice and Administration Costs exceeding $500,000.00 shall require approval by the Court.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Class Notice and Administration Costs in excess of $500,000.00.

### c.     Taxes

**Qualified Settlement Fund**

3.7     (a)     The Settling Parties agree to consider the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including,

- 12 -

without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Lead Plaintiffs agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

### d. Termination of Settlement

3.8    In the event the Stipulation: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be refunded pursuant to written instructions from Defendants' counsel.

- 13 -

**4.      Notice Order and Settlement Hearing**

4.1      Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Class for settlement purposes, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2      Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

**5.      Releases**

5.1      Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2    Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.3    The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

**6.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2    Within ten (10) calendar days after execution of this Stipulation, counsel for Defendants shall provide the Claims Administrator with a list of names and addresses of record

927114_1

holders of Hospira common stock during the Class Period. This information shall be provided in one of the following electronic formats: ASCII Fixed Length file; ASCII Tab Delimited file; or Microsoft Excel Spreadsheet. Defendants shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record, identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*. The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay Plaintiffs' Counsel's attorneys' fees and expenses and Lead Plaintiffs' expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, including locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to

- 16 -

927114_1

Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

        (c)      to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

        (d)      to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

6.5      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6      Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted electronically by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

6.7      Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

927114_1

6.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

6.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would otherwise receive a minimum of $10.00.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

6.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11    Defendants shall take no position with respect to the Plan of Distribution.

6.12    It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders

- 18 -

entered pursuant to the Stipulation. Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

6.13    No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Distribution, or otherwise as further ordered by the Court.

## 7.    Lead Counsel's Attorneys' Fees and Expenses

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) expenses in connection with prosecuting the Action, plus interest on both amounts. Lead Plaintiffs may submit a request for reimbursement of their time and expenses in representing the Class. Any and all such fees, expenses and costs awarded by the Court (whether payable to Lead Counsel or Lead Plaintiffs) shall be payable solely out of the Settlement Fund.

7.2    The attorneys' fees and expenses, and costs, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following the final approval hearing and any order by the Court awarding such fees and expenses. This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶7.1 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount

- 19 -

consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within twenty (20) business days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees, expenses and/or costs on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction by the Court for the purpose of enforcing the provisions of this paragraph.  Without limitation, each Plaintiffs' Counsel agrees that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders including, but not limited to, judgments and attachment orders and may make appropriate findings of or sanctions for contempt, should such law firm fail timely to repay fees and expenses pursuant to this ¶7.2.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     Neither Defendants nor Defendants' insurers shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Fund pursuant to ¶3.1.

927114_1

7.5     Released Persons shall have no responsibility for the allocation among Plaintiffs' Counsel or any Class Member's counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Fund has been deposited with the Escrow Agent;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Lead Plaintiffs and the Defendants, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.10 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If any of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice

- 21 -

Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased or otherwise acquired a number of shares of Hospira common stock during the Class Period in an amount greater than the sum specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiffs and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiffs and Defendants concerning its interpretation or application arises. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be promptly delivered to Defendants' counsel by Lead Counsel. Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that the Defendants serve a written notice of termination, the Defendants may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Central Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Defendants' counsel.

8.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶3.6 or 3.7 hereof, shall be refunded pursuant to written instructions from

- 22 -

Defendants' counsel. At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

8.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of January 21, 2014. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.23, 3.6-3.8, 7.2, 8.4-8.5 and 9.3-9.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of January 21, 2014, and shall be required to present an amended trial schedule to the Court. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Distribution or the amount of any attorneys' fees, costs, and expenses, and interest awarded by the Court to Lead Counsel or Lead Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

8.6     Lead Counsel shall have the right but not the obligation to terminate the Settlement fifteen (15) calendar days after the failure of Defendants to timely pay the Settlement Fund.

### 9.      Miscellaneous Provisions

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

- 23 -

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party or any of the Released Persons as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res*

*judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

9.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

9.8    The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶8.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

9.9    This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner

that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

9.10    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.11    Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.12    Lead Plaintiffs and Lead Counsel represent and warrant that none of the Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.14    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges

- 26 -

prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

### If to Lead Plaintiffs or to Lead Counsel:

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101

### If to Defendants or to Defendants' Counsel:

Hospira, Inc.
Attn: General Counsel
275 North Field Drive
Lake Forest, Illinois 60045

    *With a copy to*:

Robert J. Kopecky
Joshua Z. Rabinovitz
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654

9.15    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.16    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.17    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.18    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.19    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois, without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated March 27, 2014.

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
JACK REISE (*pro hac vice*)
JESSE S. JOHNSON (*pro hac vice*)

_____
JACK REISE

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
jreise@rgrdlaw.com
jjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com

- 28 -

927114_1

ROBBINS GELLER RUDMAN
    & DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com

MOTLEY RICE LLC
JOSEPH F. RICE
JAMES M. HUGHES
BADGE HUMPHRIES
DAVID P. ABEL
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843/216-9000
843/216-9450 (fax)
jrice@motleyrice.com
jhughes@motleyrice.com
vparrett@motleyrice.com
bhumphries@motleyrice.com
dabel@motleyrice.com

Co-Lead Counsel for Plaintiffs

_____

Mark Filip
Robert J. Kopecky
Joshua Z. Rabinovitz
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
(312) 862-2200 (fax)

*Counsel for Defendants*

- 29 -

## INDEX OF EXHIBITS TO SETTLEMENT AGREEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing | A-1 |
| Proof of Claim and Release Form | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:11-cv-08332-AJS **(Consolidated)** |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOSPIRA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

EXHIBIT A

927119_1

WHEREAS, an action is pending before this Court styled *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc., et al.*, No. 1:11-cv-08332-AJS (the "Action");

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Settlement Agreement dated March 27, 2014 (the "Settlement Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Settling Parties and for dismissal of the Action against the Defendants and their Related Persons with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2014 [a date approximately 90 days from the Notice Date], at _:__ _.m., at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, Illinois 60604, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.11 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Distribution should be approved; to determine any amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiffs for

- 1 -

their service to the Class; to hear any objections by Class Members to the Settlement Agreement or Plan of Distribution or any award of fees and expenses to Plaintiffs' Counsel and to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies a Class, for settlement purposes only, defined as: All Persons who purchased or otherwise acquired Hospira publicly traded common stock during the period from February 4, 2010 through and including October 17, 2011. Excluded from the Class are Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

4.     Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court appoints the firm Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Within ten (10) calendar days after execution of the Stipulation, counsel for Defendants shall provide the Claims Administrator with a list of names and addresses of record holders of Hospira common stock during the Class Period;

(b)     Not later than _____, 2014 (the "Notice Date") [a date approximately twenty-one (21) calendar days after entry of this Order], Lead Counsel and/or the Claims Administrator shall commence mailing of the Notice and the Proof of Claim and Release form, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the Claims Administrator's website at www.hospirasecuritiessettlement.com;

927119_1

(c)     Not later than _____, 2014 [a date approximately ten (10) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

(d)     Not later than _____, 2014 [a date approximately seven (7) calendar days prior to the Settlement Hearing], Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.     Nominees who purchased or acquired Hospira common stock for the benefit of another Person during the Class Period shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of Hospira common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

6.     Other than the cost, if any, of providing the names and addresses of Persons who purchased or acquired Hospira common stock during the Class Period to Lead Counsel and/or the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility for such fees, costs, or expenses.

7.     All members of the Class (except Persons who request exclusion pursuant to ¶10 below) shall be bound by all determinations and judgments in the litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including,

without limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

8.    Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____, 2014 [a date approximately 90 calendar days from the Notice Date].  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

9.    Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

10.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked or hand delivered no later than _____, 2014 [a date approximately 21 calendar days prior to the Settlement Hearing].  A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions, and sales of Hospira common stock from February 4, 2010 through and including October 17, 2011, including the dates, the amount of Hospira common stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Class.  All

- 4 -

Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

11.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing.

12.    Any member of the Class may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Distribution should not be approved, why attorneys' fees and expenses should not be awarded to Plaintiffs' Counsel or Lead Plaintiffs for their service to the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Distribution, or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Lead Plaintiffs, unless written objections and copies of any papers and briefs are received by Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; James M. Hughes, Motley Rice LLC, 28 Bridgeside Blvd., Mount Pleasant, SC 29464; and Joshua Z. Rabinovitz, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, on or before _____, 2014 [a date approximately 21 calendar days prior to the Settlement Hearing]; and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Northern District of Illinois, on or before _____, 2014 [a date approximately 21 calendar days prior to the Settlement Hearing]. Any member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness,

- 5 -

or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Distribution, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel or Lead Plaintiffs, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

14. All papers in support of the Settlement, Plan of Distribution, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than _____, 2014 [a date approximately 28 calendar days prior to the Settlement Hearing] and any reply papers shall be filed and served no later than _____, 2014 [a date approximately 7 calendar days prior to the Settlement Hearing].

15. The Released Persons shall have no responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel, and any application for attorneys' fees and expenses should be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶3.6 or 3.7 of the Settlement Agreement.

18. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by

- 6 -

any of the Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

19.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

20.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶2 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: _____          _____
                                                            THE HONORABLE AMY J. ST. EVE
                                                            UNITED STATES DISTRICT JUDGE

927119_1

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:11-cv-08332-AJS **(Consolidated)** CLASS ACTION |
| | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| HOSPIRA, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

EXHIBIT A-1

927103_1

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED HOSPIRA, INC. ("HOSPIRA") PUBLICLY TRADED COMMON SHARES BETWEEN FEBRUARY 4, 2010 AND OCTOBER 17, 2011, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [INSERT DATE]**.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action and the proposed Settlement of the Action and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as well as counsel's application for fees and expenses. This Notice describes the rights you may have in connection with your participation in the Settlement, what steps you may take in relation to the Settlement and this class action, and, alternatively, what steps you must take if you wish to be excluded from the Settlement and this Action.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim and Release forms must be mailed or submitted online on or before [Insert Date]. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants about the legal claims in this case. Exclusions must be postmarked on or before [Insert Date]. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. Objections must be received by the Court and counsel on or before [Insert Date]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by the Court and counsel on or before [Insert Date]. |
| **DO NOTHING** | Get no payment. Give up your rights. |

## SUMMARY NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $60.0 million Settlement Fund is being provided. Lead Plaintiffs estimate that there were approximately 42 million Hospira common shares which may have been damaged during the Class Period.[1] Lead Plaintiffs estimate that the average recovery under the Settlement is approximately $1.42 per damaged share before deduction of any taxes on the income thereof, notice and administration costs and the attorneys' fee and expense award as determined by the Court. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims submitted. An individual Class Member may receive more or less than this average amount depending on the number of claims submitted, when during the Class Period a Class Member purchased or acquired Hospira shares, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received. *See* Plan of Distribution as set forth at pages ___ below for more information on your Recognized Claim.

### Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if the Class prevailed on each claim alleged. The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund, plus expenses not to exceed $450,000, plus interest earned on both amounts. Since the Action's inception, Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis and advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. In addition, the Lead Plaintiffs may seek reimbursement of their time and expenses for representing the Class in the aggregate amount of $40,000. The requested fees and expenses amount to an average of approximately $0.44 per damaged share.

### Further Information

For further information regarding the Action, this Notice or to review the Settlement Agreement, please contact the Claims Administrator toll-free at 1-877-285-5369, or www.hospirasecuritiessettlement.com.

---

[1]     An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

927103_1

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 1-800-449-4900.

**Reasons for the Settlement**

The principal reason for the Settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
| --- | --- |

You or someone in your family may have purchased or acquired Hospira publicly traded common shares between February 4, 2010 and October 17, 2011, inclusive ("Class Period").

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after objections and appeals, if any, are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Action is the United States District Court for the Northern District of Illinois, and the case is known as *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc., et al.*, No. 1:11-cv-08332-AJS. The case has been assigned to the Honorable Amy J. St. Eve. The pension funds representing the Class are the "Lead Plaintiffs," and the Company and persons they sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
| --- | --- |

The Third Amended Consolidated Class Action Complaint (the "Complaint") filed in the Action generally alleges, among other things, that during the Class Period, Defendants concealed significant deteriorating conditions, manufacturing and quality control deficiencies at its largest manufacturing facility located in Rocky Mount, North Carolina, and the costly effects of these deficiencies on production capacity. The Complaint also alleges that Defendants misrepresented the effectiveness of an "optimization" initiative which reduced quality control efforts and delayed and increased the cost of necessary remediation at Rocky Mount. The Complaint asserts that these allegedly false and misleading statements artificially inflated the price of Hospira common shares.

The Complaint further alleges that Class Members purchased Hospira common shares during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of materially false and misleading statements, and asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

- 3 -

Defendants deny each and all of the claims and contentions alleged by Lead Plaintiffs in the litigation. Defendants contend that they did not make any false or misleading statement, that they disclosed all information required to be disclosed by the federal securities laws, and that any omitted or misstated information was not material. Defendants also contend that any losses suffered by members of the Class were not caused by any false or misleading statements by Defendants and/or were caused by intervening events.

| **3.** | **Why is this a class action?** |
|---|---|

In a class action, one or more people called the plaintiff sues on behalf of people who have similar claims. All of the people with similar claims are referred to as a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| **4.** | **Why is there a settlement?** |
|---|---|

Beginning on November 21, 2011, two related putative class actions alleging violations of federal securities laws were filed in the Court and were subsequently consolidated under the above caption and are referred to herein as the "Action." The Court has appointed the law firms of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC as Lead Counsel.

Lead Plaintiffs allege that Class Members purchased Hospira common shares during the Class Period at prices artificially inflated as a result of the Defendants' dissemination of allegedly materially false and misleading statements. Defendants moved to dismiss Lead Plaintiffs' complaint, and Lead Plaintiffs opposed the motion and filed a motion to strike certain documents Defendants filed along with their motion. Defendants opposed Lead Plaintiffs' motion to strike. On February 13, 2013, the Court entered an order granting Lead Plaintiffs' motion to strike, and granting in part, and denying in part, Defendants' motion to dismiss. On April 15, 2013, Lead Plaintiffs filed the Complaint, which conformed to the Court's February 13, 2013 Order on the motion to dismiss. Defendants filed their answer to the Complaint on May 13, 2013, and on August 12, 2013, Lead Plaintiffs filed their motion for class certification.

The parties attended a mediation on July 23, 2013, but were unable to resolve the case. The parties continued their discussions with the assistance of the mediator, and following several months of arm's-length negotiations, reached an agreement-in-principle to settle the litigation on the terms set forth herein.

The Defendants deny any liability to the Class. They deny any wrongdoing whatsoever and their agreement to settle this Action shall in no event be construed as or deemed to be evidence of an admission or concession on the part of the Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

The Court did not decide in favor of the Defendants or of the Class. Instead, both sides agreed to the Settlement to avoid the risks and cost of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation. Continuing to litigate the case would require all parties to expend substantial resources. If the litigation continued,

both sides would engage in extensive document and deposition discovery and likely engage experts, and Lead Plaintiffs believe much of the proof would be highly technical, making the outcome of any trial unpredictable. Lead Plaintiffs and Lead Counsel believe the Settlement is in the best interest of all Class Members in light of the possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: ***all persons who purchased or otherwise acquired publicly traded Hospira common shares between February 4, 2010 and October 17, 2011, inclusive***, except those persons and entities that are excluded, as described below.

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are the Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class are any Class Members who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in question 13 below.

If one of your mutual funds own publicly traded Hospira common shares, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or acquired publicly traded Hospira common shares during the Class Period. Contact your broker to see if you have or held Hospira common shares.

If you sold Hospira common shares during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you ***purchased or acquired*** Hospira common shares, as defined above.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-877-285-5369, or you can fill out and return the Proof of Claim and Release form enclosed with this Notice package, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and dismissal of the Action, the Defendants have agreed that a payment of $60.0 million will be made by Defendants (or on their behalf) to be divided, after taxes, fees, and expenses, among all Class Members who send in a valid Proof of Claim and Release form.

| 9. | How much will my payment be? |
|---|---|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim and Release forms that Class Members send in, the number of shares of publicly traded Hospira common shares you purchased or acquired, and when you purchased or acquired and sold them.

By following the instructions in the Plan of Distribution, you can calculate what is called your Recognized Claim. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim and Release forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claim. *See* the Plan of Distribution at pages ___ hereof for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a Proof of Claim and Release form. A Proof of Claim and Release form is enclosed with this Notice or it may be downloaded at www.hospirasecuritiessettlement.com. Read the instructions carefully, fill out the Proof of Claim and Release form, include all the documents the form asks for, sign it, and mail or submit it online no later than [insert date]. The claim form may be submitted online at www.hospirasecuritiessettlement.com.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on _____, 2014, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim and Release to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you exclude yourself, you will remain a Class Member, and that means that, if the Settlement is approved, you will release all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

- "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined below), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with both a Class Member's purchase(s), acquisition(s), or sale(s) of Hospira common stock during the Class Period and from the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action. For the avoidance of doubt, Released Claims does not include any derivative claims brought on behalf of Hospira against any of its directors or officers, or any claims alleging violation of the Employee Retirement Income Security Act ("ERISA"), that are related to the claims asserted in the Action.

- "Released Persons" means each and all of Defendants and each and all of their Related Persons.

- "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the

United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue one or more of the Defendants and the other Released Persons, on your own, about the legal issues in this case, then you must take steps to remove yourself from the Settlement. This is called excluding yourself – or is sometimes referred to as "opting out."

| **13.** | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Hospira Securities Litigation*." Your letter must include the date(s), price(s), and number(s) of all purchases, acquisitions and sales of publicly traded Hospira common shares during the Class Period. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request **postmarked no later than [insert date]** to:

*Hospira Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

If you ask to be excluded, you will not get any payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons in the future.

| **14.** | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |

No. Unless you exclude yourself, you give up any rights to sue the Defendants and the other Released Persons for any and all Released Claims. If you have a pending lawsuit against the Released Persons speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is [insert date].

| **15.** | **If I exclude myself, can I get money from the proposed Settlement?** |

No. If you exclude yourself, you may not send in a Proof of Claim and Release form to ask for any money. But, you may sue or be part of a different lawsuit against the Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| **16.** | **Do I have a lawyer in this case?** |

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Motley Rice LLC represent the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.** | **How will the lawyers be paid?** |

Lead Counsel are moving the Court to award attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for expenses in an amount not to exceed $450,000, which were incurred in connection with the litigation. In addition, the Lead Plaintiffs may seek reimbursement of their time and expenses incurred in representing the Class in an amount not to exceed $40,000, in the aggregate. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| **18.** | **How do I tell the Court that I do not like the proposed Settlement?** |

If you are a Class Member, you can object to the proposed Settlement. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed Settlement in the *Hospira Securities Litigation*. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of publicly traded Hospira common shares you purchased or acquired and sold during the Class Period, and state the reasons why you object to the proposed Settlement. Mail the objection to each of the following addresses such that it is received no later than [insert date]:

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of Illinois<br>Everett McKinley Dirksen<br>  United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>Ellen Gusikoff Stewart<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br><br>MOTLEY RICE LLC<br>James M. Hughes<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464 | KIRKLAND & ELLIS LLP<br>Joshua Z. Rabinovitz<br>300 North LaSalle<br>Chicago, IL 60654 |

---

**19.      What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

---

**20.      When and where will the Court decide whether to approve the proposed Settlement?**

---

The Court will hold a settlement hearing at__: _____ __.m., on _____day, _____, 2014, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, IL 60604 (the "Settlement Hearing"). At the hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and the Lead Plaintiffs. After the Settlement Hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

---

**21.      Do I have to come to the hearing?**

---

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|-----|-----|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (see question 18 above) a statement saying that it is your "Notice of Intention to Appear in the *Hospira Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Distribution, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|-----|-----|

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against the Released Persons about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement? |
|-----|-----|

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement dated March 27, 2014 (the "Stipulation").  You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-285-5369.  A copy of the Stipulation is also available on the Claims Administrator's website at www.hospirasecuritiessettlement.com.

| 25. | How do I get more information? |
|-----|-----|

For even more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, during regular business hours.  For a fee, all papers filed in this Action are available at www.pacer.gov.

## PLAN OF DISTRIBUTION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Settlement amount of $60.0 million and any interest earned thereon shall be the "Settlement Fund."  The Settlement Fund, less all taxes, approved costs, fees, and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim and Release forms to the Claims Administrator ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized

- 11 -

Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

"Recognized Claims" will be calculated for purposes of the Settlement as follows:

For shares of Hospira common stock *purchased, or acquired, on or between February 4, 2010 through September 7, 2011*, the claim per share shall be as follows:

(a)      If sold prior to September 8, 2011, the claim per share is zero.

(b)      If sold on September 8, 2011 through October 17, 2011, the claim per share shall be the lesser of (i) $2.29 (September 8, 2011 Price Decline), or (ii) the difference between the purchase price and the selling price.

(c)      If retained at the end of October 17, 2011 and sold before January 13, 2012, the claim per share shall be the lesser of (i) $10.14 (September 8, 2011 and October 18, 2011 Price Declines), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(d)      If retained, or sold, on or after January 13, 2012, the claim per share shall be the lesser of (i) $10.14 (September 8, 2011 and October 18, 2011 Price Declines), or (ii) the difference between the purchase price per share and $30.16 per share.

For shares of Hospira common stock *purchased, or acquired, on or between September 8, 2011 through October 17, 2011*, the claim per share shall be as follows:

(a)      If sold prior to October 18, 2011, the claim per share is zero.

(b)      If retained at the end of October 17, 2011 and sold before January 13, 2012, the claim per share shall be the lesser of (i) $7.85 (October 18, 2011 Price Decline), or (ii) the difference between the purchase price and the selling price, or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

(c)      If retained, or sold, on or after January 13, 2012, the claim per share shall be the lesser of (i) $7.85 (October 18, 2011 Price Decline), or (ii) the difference between the purchase price per share and $30.16 per share.

| Date | Closing Price | Average Closing Price |
|---|---|---|
| 18-Oct-11 | $29.51 | $29.51 |
| 19-Oct-11 | $29.64 | $29.58 |

- 12 -

| | | |
|---|---|---|
| 20-Oct-11 | $28.67 | $29.27 |
| 21-Oct-11 | $29.39 | $29.30 |
| 24-Oct-11 | $30.65 | $29.57 |
| 25-Oct-11 | $30.32 | $29.70 |
| 26-Oct-11 | $29.97 | $29.74 |
| 27-Oct-11 | $31.18 | $29.92 |
| 28-Oct-11 | $31.71 | $30.12 |
| 31-Oct-11 | $31.45 | $30.25 |
| 1-Nov-11 | $30.92 | $30.31 |
| 2-Nov-11 | $31.46 | $30.41 |
| 3-Nov-11 | $31.94 | $30.52 |
| 4-Nov-11 | $31.31 | $30.58 |
| 7-Nov-11 | $31.98 | $30.67 |
| 8-Nov-11 | $32.95 | $30.82 |
| 9-Nov-11 | $31.41 | $30.85 |
| 10-Nov-11 | $31.63 | $30.89 |
| 11-Nov-11 | $32.39 | $30.97 |
| 14-Nov-11 | $31.20 | $30.98 |
| 15-Nov-11 | $31.26 | $31.00 |
| 16-Nov-11 | $30.98 | $31.00 |
| 17-Nov-11 | $30.87 | $30.99 |
| 18-Nov-11 | $30.90 | $30.99 |
| 21-Nov-11 | $30.77 | $30.98 |
| 22-Nov-11 | $30.57 | $30.96 |
| 23-Nov-11 | $30.18 | $30.93 |
| 25-Nov-11 | $30.07 | $30.90 |
| 28-Nov-11 | $30.98 | $30.91 |
| 29-Nov-11 | $28.17 | $30.81 |
| 30-Nov-11 | $28.19 | $30.73 |
| 1-Dec-11 | $28.29 | $30.65 |
| 2-Dec-11 | $27.64 | $30.56 |
| 5-Dec-11 | $27.92 | $30.48 |
| 6-Dec-11 | $28.14 | $30.42 |
| 7-Dec-11 | $27.86 | $30.35 |
| 8-Dec-11 | $27.29 | $30.26 |
| 9-Dec-11 | $28.07 | $30.21 |
| 12-Dec-11 | $27.92 | $30.15 |
| 13-Dec-11 | $28.07 | $30.10 |
| 14-Dec-11 | $28.21 | $30.05 |
| 15-Dec-11 | $28.84 | $30.02 |
| 16-Dec-11 | $28.92 | $30.00 |
| 19-Dec-11 | $28.64 | $29.96 |
| 20-Dec-11 | $29.20 | $29.95 |
| 21-Dec-11 | $29.28 | $29.93 |
| 22-Dec-11 | $30.45 | $29.94 |
| 23-Dec-11 | $30.92 | $29.96 |
| 27-Dec-11 | $30.54 | $29.98 |
| 28-Dec-11 | $30.16 | $29.98 |
| 29-Dec-11 | $30.62 | $29.99 |
| 30-Dec-11 | $30.37 | $30.00 |
| 3-Jan-12 | $31.36 | $30.03 |

- 13 -

| | | |
|---|---|---|
| 4-Jan-12 | $31.34 | $30.05 |
| 5-Jan-12 | $30.90 | $30.06 |
| 6-Jan-12 | $30.31 | $30.07 |
| 9-Jan-12 | $30.14 | $30.07 |
| 10-Jan-12 | $30.35 | $30.08 |
| 11-Jan-12 | $31.81 | $30.10 |
| 12-Jan-12 | $32.28 | $30.14 |
| 13-Jan-12 | $31.51 | $30.16 |

In the event a Class Member has more than one purchase, acquisition or sale of Hospira common shares during the Class Period, all purchases, acquisitions and sales within the Class Period shall be matched on a First-In, First-Out ("FIFO") basis. Under the FIFO method, sales of Hospira common shares during the Class Period will be matched, in chronological order, first against Hospira common shares held at the beginning of the Class Period. The remaining sales of Hospira common shares during the Class Period will then be matched, in chronological order, against Hospira common shares purchased or acquired during the Class Period. A purchase, acquisition or sale of Hospira common shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Hospira common shares during the Class Period shall not be deemed a purchase, acquisition or sale of Hospira common shares for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Hospira common shares during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition or sale of Hospira common shares.

To the extent a claimant had a gain from his, her or its overall transactions in Hospira common shares during the Class Period, the value of the Recognized Claim will be zero.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Class Members who would otherwise receive a distribution of less than $10.00.

Class Members who do not submit acceptable Proofs of Claim and Release will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will nevertheless bind Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim and Release.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are unsatisfied with the result, you may ask the Court, which retains jurisdiction over the claims administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the

- 14 -

distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If after six (6) months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be distributed to a non-sectarian, not-for-profit, 501(c)(3) organization identified by Lead Counsel.

## SPECIAL NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

If you purchased or acquired Hospira common shares during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such securities during such time period or (b) request additional copies of this Notice and the Proof of Claim and Release form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim and Release form directly to the beneficial owners of the securities referred to herein. If you choose to follow alternative procedure (b), the Court has requested that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Hospira Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990
(1-877-285-5369)
www.hospirasecuritiessettlement.com

Dated: _____      BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     NORTHERN DISTRICT OF ILLINOIS

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>HOSPIRA, INC., et al.,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:11-cv-08332-AJS<br>**(Consolidated)**<br><br><u>CLASS ACTION</u> |

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.     GENERAL INSTRUCTIONS

1.     To recover as a member of the Class based on your claims in the action entitled *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc., et al.*, No. 1:11-cv-08332-AJS (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.     Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

*Hospira Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA  94976-0990
Online Submissions:  www.hospirasecuritiessettlement.com
Phone: 1-877-285-5369

If you are NOT a member of the Class (as defined in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.     If you are a member of the Class and you do not timely request exclusion in connection with the proposed Settlement, you will be bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

- 1 -

## II.    CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired the publicly traded common stock of Hospira, Inc. ("Hospira" or the "Company") during the period from February 4, 2010 through and including October 17, 2011, and held the common stock in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased or acquired common stock that was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Hospira common stock which form the basis of this claim.   THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE HOSPIRA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

927105_1

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-877-285-5369 to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Hospira Common Stock" to supply all required details of your transaction(s) in Hospira common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Hospira common stock between February 4, 2010 and January 13, 2012, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Hospira common stock you held at the close of trading on February 3, 2010, October 17, 2011, and January 13, 2012.  Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Hospira common stock.  The date of a "short sale" is deemed to be the date of sale of Hospira common stock.

- 3 -

Copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions in Hospira common stock should be attached to your claim. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

927105_1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

*City of Sterling Heights General Employees' Retirement System v. Hospira, Inc., et al.*,

No. 1:11-cv-08332-AJS

PROOF OF CLAIM AND RELEASE

Must Be Postmarked or Submitted Online No Later Than:

_____, 2014

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                          State or Province

_____        _____

Zip Code or Postal Code                         Country

_____        _____    Individual
                                                        _____    Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____        _____

Area Code                       Telephone Number (work)

_____        _____

Area Code                       Telephone Number (home)

_____

E-Mail Address

- 5 -

927105_1

_____

Record Owner's Name (if different from beneficial owner listed above)

PART II:        SCHEDULE OF TRANSACTIONS IN HOSPIRA COMMON STOCK

    A.        Number of shares of Hospira common stock held at the close of trading on February 3, 2010: _____.

    B.        Purchases or acquisitions of Hospira common stock between February 4, 2010 and January 13, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|
| 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

    C.        Sales of Hospira common stock between February 4, 2010 and October 17, 2011, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ |

    D.        Sales of Hospira common stock between October 17, 2011 and January 13, 2012, inclusive:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ | 1. _____ <br> 2. _____ <br> 3. _____ |

    E.        Number of shares of Hospira common stock held at the close of trading on October 17, 2011: _____.

    F.        Number of shares of Hospira common stock held at the close of trading on January 13, 2012: _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE**.

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Settlement Agreement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim in connection with the purchase or acquisition of Hospira common stock and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Released Persons as provided in the Settlement Agreement.

2.    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which

- 8 -

any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

3.      "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined below), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with both a Class Member's purchase(s), acquisition(s), or sale(s) of Hospira common stock during the Class Period and from the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action.  For the avoidance of doubt, Released Claims does not include any derivative claims brought on behalf of Hospira against any of its directors or officers, or any claims alleging violation of the Employee Retirement Income Security Act ("ERISA"), that are related to the claims asserted in the Action.

4.     "Released Persons" means each and all of Defendants and each and all of their Related Persons.

5.     "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

- 10 -

law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

6.      This release shall be of no force or effect unless and until the Court approves the Settlement Agreement and the Settlement becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Hospira common stock between February 4, 2010 and January 13, 2012, inclusive, and the number of Hospira common shares held by me (us) at the close of trading on February 3, 2010, October 17, 2011, and January 13, 2012.

9.      I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

- 11 -

Executed this _____ day of _____

(Month/Year)

in _____

(City)     (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your claim form for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

- 12 -

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>HOSPIRA, INC., et al.,<br><br>       Defendants. | No. 1:11-cv-08332-AJS<br>**(Consolidated)**<br><br>CLASS ACTION |

SUMMARY NOTICE

EXHIBIT A-3

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF HOSPIRA, INC. ("HOSPIRA" OR THE "COMPANY") BETWEEN FEBRUARY 4, 2010 AND OCTOBER 17, 2011, INCLUSIVE ("CLASS PERIOD")

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Northern District of Illinois, a hearing will be held on _____, 2014, at __:__ __.m., before the Honorable Amy J. St. Eve, United States District Judge, at the Everett McKinley Dirksen United States Courthouse, Courtroom 1241, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining (1) whether the proposed settlement of the Action for the sum of Sixty Million Dollars ($60,000,000.00) in cash should be approved by the Court as fair, reasonable, and adequate, which would result in this Action being dismissed with prejudice against the Released Persons as set forth in the Settlement Agreement dated March 27, 2014; (2) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (3) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses in connection with this Action, together with interest thereon.

If you purchased or otherwise acquired Hospira publicly traded common stock, your rights may be affected by this Action and the settlement thereof. If you have not received a detailed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and Proposed Settlement and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Hospira Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990, or by downloading this information at www.hospirasecuritiessettlement.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form postmarked or submitted online no later than _____, 2014, establishing that you are entitled to a

recovery. You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, postmarked by _____, 2014.

Any objection to any aspect of the settlement must be filed with the Clerk of the Court and received by the following no later than _____, 2014:

> ROBBINS GELLER RUDMAN
>   & DOWD LLP
> ELLEN GUSIKOFF STEWART
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> MOTLEY RICE LLC
> JAMES M. HUGHES
> 28 Bridgeside Blvd.
> Mount Pleasant, SC 29464
>
> *Counsel for Lead Plaintiffs*
>
> KIRKLAND & ELLIS LLP
> JOSHUA Z. RABINOVITZ
> 300 North LaSalle
> Chicago, IL 60654
>
> *Counsel for Defendants*

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.

DATED: _____, 2014     BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF ILLINOIS

927106_1

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:11-cv-08332-AJS **(Consolidated)** CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| HOSPIRA, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

927111_1

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2014, on the application of the Settling Parties for approval of the settlement set forth in the Settlement Agreement dated March 27, 2014 (the "Settlement Agreement").  Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

2.      On DATE, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a Class, for settlement purposes only, defined as: All Persons who purchased or otherwise acquired Hospira publicly traded common stock during the period from February 4, 2010 through and including October 17, 2011.  Excluded from the Class are Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest.  Now also excluded from the Class are those Persons who timely and validly excluded themselves therefrom, as identified in Exhibit A hereto.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

927111_1

5.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

6.      Upon the Effective Date hereof, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

7.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

8.      Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

9.      Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives,

attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

10.     The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on _____, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.     Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or

- 3 -

evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

14.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

927111_1

16.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     As used in this Judgment the following terms have the meanings specified below:

A.     "Class" means all Persons who purchased or otherwise acquired Hospira publicly traded common stock during the period from February 4, 2010 through and including October 17, 2011. Excluded from the Class are Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

B.     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶17(A) above.

C.     "Defendants" means Hospira, F. Michael Ball, Thomas E. Werner, and Christopher B. Begley.

D.     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Motley Rice LLC.

E.     "Lead Plaintiffs" means the Sheet Metal Workers' National Pension Fund, KBC Asset Management NV, the Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, and the Roofers Local No. 149 Pension Fund.

F.     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and

927111_1

any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

G.    "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

H.    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

I.    "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross

negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined in ¶17(M) hereof), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with both a Class Member's purchase(s), acquisition(s), or sale(s) of Hospira common stock during the Class Period and from the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action. For the avoidance of doubt, Released Claims does not include any derivative claims brought on behalf of Hospira against any of its directors or officers, or any claims alleging violation of the Employee Retirement Income Security Act ("ERISA"), that are related to the claims asserted in the Action.

**J.** "Released Persons" means each and all of Defendants and each and all of their Related Persons.

**K.** "Settlement Fund" means Sixty Million Dollars ($60,000,000.00) in cash paid by or behalf of Defendants, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

**L.** "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

M.     "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether

or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

IT IS SO ORDERED.

DATED: _____ _____

THE HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 27, 2014.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  elleng@rgrdlaw.com

# Mailing Information for a Case 1:11-cv-08332 City of Sterling Heights General Employees' Retirement System v. Hospira, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Edmund S Aronowitz**
  earonowitz@gelaw.com

- **Stephen R. Astley**
  sastley@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Katharine Crane Byrne**
  kbyrne@cooneyconway.com

- **Aaron Scott Chait**
  ac@wexlerwallace.com

- **Patrick M Crook**
  patrick.crook@kirkland.com

- **Patrick Vincent Dahlstrom**
  pdahlstrom@pomlaw.com,mjsteven@pomlaw.com

- **Kara Anne Elgersma**
  kae@wexlerwallace.com

- **Mark Robert Filip**
  mark.filip@kirkland.com

- **Michael Jerry Freed**
  mfreed@fklmlaw.com,mkhamoo@fklmlaw.com

- **Lester Hooker**
  lhooker@saxenawhite.com

- **James M. Hughes**
  jhughes@motleyrice.com,kweil@pacernotice.com,bnorton@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com

- **Badge Humphries**
  bhumphries@motleyrice.com,dgreve@motleyrice.com

- **Jesse Johnson**
  jjohnson@rgrdlaw.com

- **Steven A Kanner**
  skanner@fklmlaw.com

- **Robert J. Kopecky**
  rkopecky@kirkland.com

- **Adam J. Levitt**
  alevitt@gelaw.com,skim@gelaw.com,jtangren@gelaw.com,earonowitz@gelaw.com,ajlevitt@yahoo.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian O O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joshua Z Rabinovitz**
  jrabinovitz@kirkland.com,kristine.bompadre@kirkland.com

- **Jack Reise**
  jreise@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Donald Lewis Sawyer**
  dsawyer@fklmlaw.com,mkhamoo@fklmlaw.com

- **Joshua B. Silverman**
  jbsilverman@pomlaw.com

- **Leigh Handelman Smollar**
  lsmollar@pomlaw.com

- **Sallie Gamble Smylie**
  ssmylie@kirkland.com,jennifer.miller@kirkland.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Edward Anthony Wallace**
  eaw@wexlerwallace.com,ecf@wexlerwallace.com

- **Kenneth A. Wexler**
  kaw@wexlerwallace.com,ecf@wexlerwallace.com

- **Joseph E. White , III**
  jwhite@saxenawhite.com,e-file@saxenawhite.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`