

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF STERLING HEIGHTS GENERAL EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:11-cv-08332-AJS **(Consolidated)** CLASS ACTION |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| HOSPIRA, INC., et al., | ) ) | |
| Defendants. | ) ) ) ) | |

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

927111_2

This matter came before the Court for hearing pursuant to the Amended Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated April 1, 2014, on the application of the Settling Parties for approval of the settlement set forth in the Settlement Agreement dated March 27, 2014 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

2.      On April 1, 2014, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified a Class, for settlement purposes only, defined as: All Persons who purchased or otherwise acquired Hospira publicly traded common stock during the period from February 4, 2010 through and including October 17, 2011. Excluded from the Class are Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest. Now also excluded from the Class are those Persons who timely and validly excluded themselves therefrom, as identified in Exhibit A hereto.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Settlement Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement Agreement and settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement Agreement and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

- 1 -

927111_2

5.      Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

6.      Upon the Effective Date hereof, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

7.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

8.      Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

9.      Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives,

- 2 -

927111_2

attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

10.     The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on April 1, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.     Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or

- 3 -

927111_2

evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

14.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

927111_2

16.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.     As used in this Judgment the following terms have the meanings specified below:

**A.**     "Class" means all Persons who purchased or otherwise acquired Hospira publicly traded common stock during the period from February 4, 2010 through and including October 17, 2011. Excluded from the Class are Defendants, the officers and directors of Hospira during the Class Period, members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which a Defendant has or had a controlling interest. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom.

**B.**     "Class Member" means a Person who falls within the definition of the Class as set forth in ¶17(A) above.

**C.**     "Defendants" means Hospira, F. Michael Ball, Thomas E. Werner, and Christopher B. Begley.

**D.**     "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Motley Rice LLC.

**E.**     "Lead Plaintiffs" means the Sheet Metal Workers' National Pension Fund, KBC Asset Management NV, the Heavy & General Laborers' Locals 472 & 172 Pension & Annuity Funds, and the Roofers Local No. 149 Pension Fund.

**F.**     "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and

- 5 -

927111_2

any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

G.    "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

H.    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

I.    "Released Claims" means any and all claims, causes of action, rights, actions, suits, obligations, debts, demands, judgments, agreements, promises, liabilities, damages, losses, controversies, costs, expenses or attorney fees, of every nature and description whatsoever that were, may have been, or could have been asserted in the Action and whether direct or indirect, now known or unknown, suspected or unsuspected, accrued or unaccrued, in law or in equity whether having arisen or yet to arise, including, without limitation, any claims of violations of federal or state securities laws and any federal or state claims of fraud, intentional misrepresentation, negligent misrepresentation, negligence, gross

- 6 -

927111_2

negligence, breach of duty of care and/or breach of duty of loyalty, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations (including "Unknown Claims" as defined in ¶17(M) hereof), that have been or could have been alleged or asserted now or in the future by the Lead Plaintiffs or any Class Member against the Defendants or any of them or any of the Released Persons in this Action or in any other court action or before any administrative body, tribunal, arbitration panel, or other adjudicatory body, arising out of, relating to, or in connection with both a Class Member's purchase(s), acquisition(s), or sale(s) of Hospira common stock during the Class Period and from the acts, facts, transactions, events, occurrences, disclosures, statements, omissions, or failures to act that were alleged, may have been alleged, or could have been alleged in the Action. For the avoidance of doubt, Released Claims does not include any derivative claims brought on behalf of Hospira against any of its directors or officers, or any claims alleging violation of the Employee Retirement Income Security Act ("ERISA"), that are related to the claims asserted in the Action.

J.      "Released Persons" means each and all of Defendants and each and all of their Related Persons.

K.      "Settlement Fund" means Sixty Million Dollars ($60,000,000.00) in cash paid by or behalf of Defendants, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent.  Such amount is paid as consideration for full and complete settlement of all the Released Claims.

L.      "Settling Parties" means Defendants and Lead Plaintiffs on behalf of themselves and the Class Members.

927111_2

**M.** "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether

- 8 -

927111_2

or not previously or currently asserted in any action. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

IT IS SO ORDERED.

DATED: ___8-5-14___

_____
THE HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE

927111_2

# EXHIBIT A



*HOSPIRA-
EXCL00008*

RECEIVED **EC**

**JUN 10 2014**

**CLAIMS CENTER**

# Exclusion Cover Page

Case Name:  Hospira, Inc.

Case Code:  HOSPIRA

Exclusion Deadline:  July 15, 2014 (Postmark Date)

Name of Person Filing Exclusion:  Steven Snider



June 4, 2014


*Hospira Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

Dear Claims Administrator:

I request exclusion from the Class in the *Hospira Securities Litigation*. As requested, the following information is provided so that I may be excluded.

Name:       Steven Snider
Address:
Phone:

Transactions in Hospira shares:

March 21, 2011:     buy 25 shares @ $52.26/share
June 8, 2011:       sell 6 shares @ $53.82/share
August 9, 2011:     sell 19 shares @ $44.44/share

I trust this information is sufficient to remove me from the Class. For your information, I am requesting exclusion because I believe, both generally in securities class-action litigation cases, and particularly in this case, that they represent legal "shake-downs" of corporations by securities litigation firms with dubious claims, and are counter-productive, morally reprehensible, and intended to benefit the litigation firm far more than the ostensibly "harmed" shareholders. I wish no part in this legal extortion. Thank you for removing me from the Class.

Sincerely,

Steven Snider



Steve Snider

RECEIVED PR

JUN 1 0 2014

CLAIMS CENTER

BOSTON MA FP1

05 JUN 2014 PM 4 L

USA FOREVER

Hospira Securities Litigation
c/o Gilardi & Co., LLC
P.O. Box 8040
San Rafael CA 94912-8040

attn: Claims Administrator

HOSPIRA